UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS. | * | CIVIL ACTION NO. G-09-43 |
| | | CR NO. 3:04CR22 |
| PAUL LANCE CAMERON BENNETT | * | |

**DEFENDANT'S APPLICATION FOR CERTIFICATE OF APPEALABILITY**

DEFENDANT-MOVANT, PAUL LANCE CAMERON BENNETT, moves this Court to issue a certificate of appealability (COA) on the issue whether United States District Judge Samuel Kent's participation at defendant's trial and sentencing proceedings violated his constitutional rights, and in particular, whether Mr. Bennett is entitled to discovery and an evidentiary hearing on his claim pursuant to Bracy v. Gramley, 520 U.S. 899, 905 (1997).

Specifically, defendant-movant claims that his constitutional rights were violated by Judge Kent's actions in this case which result in the "compensatory bias" recognized in Bracey. The defendant was charged with kidnapping, enticing an individual to travel in interstate commerce for unlawful sexual purposes and transporting a person in interstate commerce for unlawful sexual purposes. During the course of the defendant's trial, the very district judge who presided over his case, was engaging in a pattern of federal sexual crimes.[1] Those actions included rejecting the parties plea agreement and a contemplated sentence of two years, forcing the defendant to trial and sentencing the defendant to more than triple the agreed sentence, and making statements in which spoke of his sympathy for the victim, his dislike of the conduct alleged to have been committed by the defendant, and his loathing of the internet and the crimes that it makes possible.

---

[1] *See, e.g.,* "Factual Basis for Plea," filed in United States v. Samuel Kent, Cr. No. 4:08CR598-RV (S.D.Tex) at paragraphs 4-5 (noting that between 2003-07, Judge Kent "engaged in non-consensual sexual contact" with two courthouse employees).

All of these actions indicate that Judge Kent was "acting tough" at the very time he was covering up his own sex crimes and created the sort of "compensatory bias" recognized in Bracey. The bias, as well as admissions by his own counsel that Judge Kent was suffering from serious mental problems, call into question Judge Kent's impartiality.

Defendant-movant contends that a certificate of appealability should be granted because this issue is a substantial one about which reasonable jurists could disagree. *See*, Fed.R.App.P. 22(b); Barefoot v. Estelle, 463 U.S. 880 (1983).

        Respectfully submitted,

        */s/ David Cunningham*

        _____
        David Cunningham
        2814 Hamilton St.
        Houston, Texas 77004
        Bar No. 05234400
        Admissions No. 1352
        713/225-0325
        713/395-1311 (fax)

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Motion has been delivered via the ECF system for the Southern District of Texas to:

AUSA Jim Turner
Houston, Texas

Dated:  May 26, 2009

*/s/ David Cunningham*
_____
David Cunningham